NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AVREY D. SHANK, | No. 23-35551 |
| Plaintiff - Appellant, | D.C. No. 3:22-CV-5813-DWC |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted October 23, 2024[**]
Portland, Oregon

Before: LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

Avrey D. Shank appeals the district court's order affirming the Administrative

Law Judge's ("ALJ") denial of his applications for disability insurance benefits and

supplemental security income under the Social Security Act. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We affirm.

We review a district court's order affirming a denial of social security benefits de novo. *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017). We may reverse a denial of benefits only when the decision is "based on legal error or not supported by substantial evidence in the record." *Id.* at 654 (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (quotation marks omitted) (citation omitted). The ALJ is "responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (citation omitted). And if the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.* at 1154.

*First*, Shank argues that the ALJ erred by improperly evaluating the medical opinion evidence. But the ALJ properly considered the consistency and supportability of the medical opinion evidence, and substantial evidence supports the ALJ's determinations. *See Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022); *Ford*, 950 F.3d at 1154.

The ALJ properly rejected the testimony of Nurse Practitioner (NP) Lyons as being inconsistent with and unsupported by the record. The ALJ explained that

Lyons's opinion was based on very limited documentation. The ALJ also noted that Lyons appeared to have uncritically credited Shank's statements and presentation during a single examination, while being unaware of how those statements were "inconsistent with the record and with statements he made to his medical providers."

The ALJ also properly evaluated the other medical opinion evidence, and the ALJ's findings are supported by reasonable inferences drawn from the record. The ALJ found Dr. Staley's opinion unpersuasive because it conflicted with Shank's activities of daily living and with an imaging study that found no relevant limitations. The ALJ also found Dr. Underwood's opinion regarding Shank's limited capacity for public interaction unpersuasive because it was inconsistent with Shank's documented history as a delivery driver. In contrast, the ALJ found the opinions of Dr. Stevick and Dr. Yeverino persuasive based on their support from objective medical evidence and their consistency with Shank's activities of daily living. "Where the evidence is susceptible to more than one rational interpretation," as it is here, "the ALJ's decision must be affirmed." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (citation omitted).

*Second*, Shank argues that the ALJ erred by discounting Shank's subjective symptom testimony. But the ALJ provided "specific, clear, and convincing reasons" for discounting Shank's testimony. *Id.* at 499. The ALJ carefully explained several inconsistencies internal to Shank's testimony, inconsistencies between his testimony

23-35551

and objective medical evidence, and inconsistencies between his testimony and other evidence in the record. It is proper for an ALJ to consider inconsistencies between a claimant's testimony and statements to medical providers. *Trevizo v. Berryhill*, 871 F.3d 664, 681 (9th Cir. 2017); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). And "[w]hen objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498 (emphasis omitted); *see also, e.g.*, 20 C.F.R. § 404.1529(c)(4); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Finally, the ALJ noted that Shank's symptoms had improved through conservative treatments and properly concluded that such improvements undermined his testimony regarding the severity of his impairments. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). These justifications are clear and convincing reasons supporting the ALJ's determination. *See Smartt*, 53 F.4th at 496–97.[1]

We conclude that the ALJ's decision applied the correct legal standards and was supported by substantial evidence.

**AFFIRMED.**

---

[1] Shank also argues that the ALJ erred in the residual function capacity ("RFC") and step-five findings. But these arguments assume that the ALJ erred in assessing the evidence. Because we find no error in the ALJ's evidentiary analysis, we need not further address these derivative arguments. *Valentine*, 574 F.3d at 694.